DAVID LOPEZ, ESQ.   DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:           631.287.5520
Fax:          631.283.4735
e-Mail:    DavidLopezEsq@aol.com

15 CV 00430

RECEIVED
JAN 2 1 2015
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE,

    Plaintiff,

- against -

AKORN, INC.,

    Nominal Defendant,

-and –

JOSEPH BONACCORSI, BRIAN
TAMBI and RAJAT RAI,

    Defendants.
_____/

**COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 USC 78p(b)**

**Jury Trial Demanded**

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to paragraph 2 which Plaintiff alleges on personal knowledge.

**JURISDICTION:**

1.    This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of AKORN, INC., a Louisiana Corporation with principal offices at 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

3. At all times relevant the common stock of AKORN, INC. was registered under Section 12(b) of the Act and was and is traded on the NASDAQ Stock Market LLC located within this district. One or more of the purchases or sales of each defendant, to be described, took place within the district on that exchange.

4. This action is brought in the right and for the benefit of AKORN, INC. which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant JOSEPH BONACCORSI ("BONACCORSI") was and is an insider of AKORN, to wit: its corporate secretary and thereby a fiduciary.

6. BONACCORSI maintains a principal place of business or is found at 1925 West Field Court, Suite 300, Lake Forest, Illinois 60045.

7. At all times relevant BRIAN TAMBI ("TAMBI") was and is an insider of AKORN, to wit: a director and thereby a fiduciary.

8. TAMBI maintains a principal place of business or is found at 1925 West Field Court, Suite 300, Lake Forest, Illinois 60045.

9. At all times relevant RAJAT RAI ("RAI") was and is an insider of AKORN, to wit: its Chief Executive Officer.

10. RAI maintains a principal place of business or is found at 1925 West Field Court, Suite 300, Lake Forest, Illinois 60045.

**STATUTORY REQUISITES:**

11. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

12. Demand for prosecution was first made on AKORN with respect to RAI on August 8, 2014; with respect to BONACCORSI on September 15, 2014; and with respect to TAMBI on September 15, 2014.

13. More than sixty days have expired since the making of demands and, despite the insistent prodding of shareholder counsel, no recovery has been effected. In a telephone conference held January 9, 2015, shareholder counsel set a deadline of Friday, January 16, 2015, for either a recovery or for the filing of suit.

14. Further delay in the filing of suit would be a futile gesture.

15. This action is brought within two years of the occurrence of the

violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

16. BONACCORSI sold 116,800 shares of the common stock of AKORN on September 11, 2014.

17. BONACCORSI purchased 5,000 shares of AKORN common stock at lower prices on May 16, 2014.

18. The foregoing sale and purchase may be matched against one another using the "lowest-in, highest-out" method to determine profits recoverable from BONACCORSI. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $55,300.

19. By reason of such sales and purchases of its equity securities within periods of less than six months of one another while an insider and fiduciary of AKORN, BONACCORSI realized profits which inure to the benefit and are recoverable by Plaintiff on behalf of AKORN.

**SECOND CLAIM FOR RELIEF:**

20. TAMBI sold 13,800 shares of the common stock of AKORN on September 12, 2004.

21. TAMBI purchased 1,000 shares of the common stock of AKORN at lower prices on June 13, 2004.

22. The foregoing sale and purchase may be matched against one another using the "lowest-in, highest-out" method to determine profits recoverable from TAMBI. The amount of such profits is not known to plaintiff but is estimated to approximate $11,060.

23. By reason of such sales and purchases of its equity securities within periods of less than six months of one another while an insider and fiduciary of AKORN, TAMBI realized profits which inure to the benefit, and are recoverable by Plaintiff on behalf, of AKORN.

**THIRD CLAIM FOR RELIEF:**

24. RAI sold 147,009 shares of the common stock of AKORN on September 8, 2014.

25. RAI purchased 5,000 shares of the common stock of AKORN at lower prices on May 16, 2014.

26. The foregoing sales and purchases may be matched against one another using the "lowest-in, highest-out" method to determine profits recoverable from RAI. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $36,166.

27. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of AKORN, RAI realized profits which inure to the benefit, and are recoverable by plaintiff on behalf, of AKORN.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring BONACCORSI, TAMBI and RAI to account for and to pay over to AKORN the short-swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
January 21, 2015

Yours, etc.

_____
David Lopez, Esq.
*Attorney for Plaintiff*